**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Dianne Sherwyn, | No. CV-17-8243-PCT-DMF |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Gina Dianne Sherwyn appeals from the denial of her application for benefits from the Social Security Administration. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). The Court will affirm the ALJ's opinion.

**Standard of Review**

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.

1998). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).

**Analysis**

Sherwyn was 53 years old at her amended onset date and previously worked as a licensed practical nurse. (Tr. 37, 82) As relevant here, the ALJ concluded that she had the following severe impairments: chondromalacia of the patella (right knee), major depressive disorder, generalized anxiety disorder, and a history of polysubstance dependence with opioid addition (reported remission). (Tr. 28-29) Sherwyn does not challenge this. On appeal, Sherwyn argues that the ALJ improperly weighed the opinion of the physician who conducted the physical examination and also that the ALJ should have incorporated the limitations described by her physical therapist. (Doc. 17).

<u>Lucia McPhee, M.D.</u>  Sherwyn alleged that she was disabled, in part, because of knee pain. As part of the development of this claim, she was evaluated by Lucia McPhee, M.D. Dr. McPhee's report concluded with four impressions:

> 1. Chronic right knee complaints with reported chondromalacia patella. There are limited findings on examination at this time. It appears there has been some improvement with her treatment thus far based on the limited clinical examination findings. Symptoms may continue to improve.
>
> 2. Complaints of low back pain with intermittent exacerbations. This may improve with conservative measures.
>
> 3. Presumed early degeneration in right hand in particular.
>
> 4. Allegation of depression, which is deferred to separate psychological evaluation.

(Tr. 360) Dr. McPhee's report then ascribed limitations to Sherwyn that were consistent with light duty restrictions. (Tr. 360-62)

The ALJ's opinion reviewed Dr. McPhee's evaluation and assigned it "little weight because it [wa]s inconsistent with the medical evidence," described an x-ray, and

then stated that "Dr. McPhee's limitations are not supported by the x-ray." Finally, the ALJ opinion appears to agree with the State agency consultants' conclusion that Dr. McPhee's "opinion was 'too restrictive.'" (Tr. 35)

Although perhaps inartfully explained, the ALJ's decision to assign little weight to Dr. McPhee is supported by the record. The ALJ's decision referred to an x-ray that Dr. McPhee had ordered during her evaluation. (Tr. 365) That contemporaneous x-ray of Sherwyn's right knee showed no "injury or substantial degenerative changes." (Tr. 365) Dr. McPhee did not explain, and it is not self-evident, how the limitations delineated in the report could be supported by such a radiological report.

Sherwyn also argues that the ALJ did not properly account for the Dr. McPhee's objective findings. (Doc. 17 at 11-12) However, as Sherwyn acknowledges, these objective findings were all "mild" for her right knee. (Tr. 359) Again, Dr. McPhee's report does not bridge the gap between consistently mild limitations in Sherwyn's right knee and the subsequent limitations. (Tr. 361-62) Without any such an explanation from Dr. McPhee, the Court concludes that the ALJ's opinion about Dr. McPhee's report is a supportable, "rational interpretation" of the record. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

<u>Nicole Flippen, P.T.</u>  Sherwyn argues that the ALJ's opinion should have addressed and incorporated the limitations in PT Flippen's notes. (Doc. 17 at 15-18) Sherwyn is correct that the ALJ opinion should have "consider[ed] all of the available evidence in [Sherwyn's] case record." SSR 06-03p.[1] However, the Court concludes that the ALJ's failure to do constitutes harmless error here.

As Defendant notes, PT Flippen treated Sherwyn in July and August 2013 and did not provide any functional capacity opinion intended for these proceedings. (Doc. 18 at 12; Tr. 332-56) Instead, Sherwyn relies on PT Flippen's notes and diagnoses. (Doc. 17 at 15-18; Doc. 19 at 2-5) These medical records indicate that, after nearly two months of treatment, Sherwyn could walk one-half mile and that, during her last week of treatment,

---

[1] This Policy Interpretation Ruling was in effect during the relevant period.

"her knee ha[d] not really bothered her." (Tr. 355-56) Thus, it seems that these records could not have supported restrictions more limiting than the ones detailed in the ALJ opinion. Put another way, the ALJ's review of these records would not have led to restrictions in Sherwyn's favor. Accordingly, on these facts, the Court concludes that this omission was harmless error. *See, e.g., Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling.").

**IT IS ORDERED** that the decision of the ALJ and Commissioner of Social Security is affirmed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly. The judgment will serve as the mandate of the Court.

Dated this 3rd day of October, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge